07 CIV 8210

Christopher M. Schierloh (CS6644)
**CASEY & BARNETT, LLC**
317 Madison Avenue, 21st Floor
New York, New York 10017
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT NEW YORK
-----------------------------------------------------------X
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o UNIVERSAL
LEAF TOBACCO CO.

                           Plaintiff,

             - against -

M/V MSC BATAVE, her tackle, boilers, engines, etc;
*in rem*; MEDITERRANEAN SHIPPING COMPANY
S.A. *in personam*

                          Defendants.
-----------------------------------------------------------X

**07 Civ.**

**COMPLAINT**

     Plaintiff, by its attorneys, CASEY & BARNETT, LLC, for its Complaint, alleges upon information and belief, as follows:

## PARTIES

     1.     Plaintiff, Indemnity Insurance Company of North America, is a Pennsylvania corporation with a place of business located at 140 Broadway, 40th Floor, New York, New York 10005, and is the cargo insurer of certain cargo laden aboard the M/V MSC BATAVE and owned by subrogor, Universal Leaf Tobacco Company, Inc., Inc., as more fully described below.

     2.     Defendant, MEDITERRANEAN SHIPPING COMPANY, S.A. (hereinafter "MSC") is a foreign corporation with a place of business located at 420 Fifth Avenue, New York, New York 10018 and at all relevant times was and is doing business in this jurisdiction

and was and is a common carrier of goods by water, and was the common carrier for the shipment described more fully below, and was and is the owner and/or charterer and/or manager and/or operator of M/V MSC BATAVE.

3. At all material times, the M/V MSC BATAVE was a diesel powered, ocean going, vessel engaged in the common carriage of cargoes on the high seas and may be within the jurisdiction of this Honorable Court during the pendency of process hereunder.

## JURISDICTION

4. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is predicated upon 28 U.S.C. §1333.

## FACTS

5. On or about October 28, 2006 and November 5, 2006, three shipments of Bulgarian cigarette leaf tobacco in 37 containers, then being in good order and condition, were delivered into the care of custody of the defendants for transportation from Bourgas, Bulgaria to Danville, Virginia via truck from the port of Norfolk, Virginia, in consideration of an agreed freight pursuant to MSC bills of lading numbered MSCUBG125913, dated October 28, 2006, MSCUBG125921, dated October 28, 2006, and MSCUBG126481, dated November 5, 2006.

6. Throughout the period of December 5 through December 13, 2006, the containers of tobacco travelling under the referenced bills of lading were delivered to the consignee, Lorillard Tobacco Company, whereupon, it was discovered that tobacco within 5 of the containers was not in the same good order and condition as when received by defendants, but had sustained damages due to salt water wetting.

7. Specifically, container number TRIU9853500 was found to contain 80 wet and damaged bales of tobacco; container number MSCU9076750 was found to contain 38 wet and damaged bales of tobacco; container number MSCU9461273 was found to contain 81 wet and damaged bales of tobacco; container number TTNU9220642 was found to contain 78 wet and damaged bales of tobacco; and, container number TGHU8705740 was found to contain 32 wet and damaged bales of tobacco.

8. The damage to the aforementioned bales of tobacco was not the result of any act or omission of plaintiff but, on the contrary, was due solely as the result of the negligence, fault, neglect, breach of contracts of carriage, charter and bailment on the part of defendants.

9. By reason of the foregoing, plaintiff has sustained damages in the total amount of $40,000, no part of which has been paid, although duly demanded.

10. All and singular the matters alleged herein are true and correct. Plaintiff reserves the right to amend and supplement this complaint, as further facts become available.

**WHEREFORE**, Plaintiff prays:

1. *In rem* service of process be issued against the M/V MSC BATAVE, her engines, boilers, tackle, furniture, apparel, etc.; that the vessel be seized and that all those claiming an interest in her be cited to appear and answer under oath both all and singular the matters aforesaid;

2. If the *in personam* defendants cannot be found within this District, then all their property within this District be attached in the amount of $40,000 with interest thereon and costs, the sums sued for in this Complaint;

3. That process in due form of law may issue against Defendants citing them to appear and answer all and singular the matters aforesaid;

4. That judgment may be entered in favor of Plaintiff and against Defendants for the amount of Plaintiff's damages, together with interest and costs and the disbursements of this action.

5. That process in due form of law according to the practice of this Court in causes of admiralty and maritime claims, may issue against said vessel, its engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath, all and singular the matters aforesaid, and that this Court will be pleased to pronounce judgment in favor of Plaintiff for its damages as aforesaid, with interest, costs and disbursements, and that the said vessel may be condemned and sold to pay therefore; and,

6. That this Court grant to plaintiff such other and further relief as may be just and proper.

Dated: New York, New York
September 20, 2007
115-843

                                CASEY & BARNETT, LLC
                                Attorneys for Plaintiff

By: _____
                                Christopher Schierloh (CS6644)
                                317 Madison Avenue, 21st Floor
                                New York, New York 10017
                                (212) 286-0225