LYONS & FLOOD, LLP
65 W 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
MEDITERRANEAN SHIPPING COMPANY, S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
INDEMNITY INSURANCE COMPANY OF
NORTH AMERICA a/s/o UNIVERSAL
LEAF TOBACCO CO.

                                                       07 Civ. 8210(BSJ)

            Plaintiff,

    - against -

                                               **ANSWER TO**
M/V MSC BATAVE, her tackle, boilers, engines, etc   **COMPLAINT**
*In rem;* MEDITERRANEAN SHIPPING COMPANY
S.A. *in personam*

            Defendants.
------------------------------------------------------------x

      Defendant MEDITERRANEAN SHIPPING COMPANY, S.A., ("MSC"), by its attorneys, Lyons & Flood, LLP, answering plaintiff's Complaint, alleges upon information and belief as follows:

    1.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Complaint.

    2.    Admits that MSC, at all material times, was engaged in the business of common carriage of merchandise by water for hire, and was the charterer of the MSC BATAVE as common carrier of merchandise by water for hire, but except as so specifically admitted, denies the remaining allegations in paragraph 2 of the Complaint.

3.  Admits that the M/V MSC BATAVE is a ocean-going vessel engaged in common carriage of cargoes on the high seas, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the Complaint.

4.  Admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and that jurisdiction is predicated upom 28 U.S.C. § 1333.

5.  Admits that three shipments said to contain Bulgarian cigarette leaf tobacco was transported from Bourgas, Bulgaria to Danvill, Virginia, pursuant to MSC's bills of lading MSCUBG12913 and MSCUBG125921, both dated October 28, 2006, and MSCUBG126481 dated November 5, 2006, but except as so specifically admitted, denies the remaining allegations contained in paragraph 5 of the Complaint

6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint.

7.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.  Denies each and every allegation contained in paragraph 8 of the Complaint.

9.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

10. Denies each and every allegation contained in paragraph 10 of the Complaint.

11. Denies Plaintiff's prayer for relief.

### FIRST AFFIRMATIVE DEFENSE

12. The Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

13. Plaintiff is not the real parties in interest and is not entitled to maintain this action.

### THIRD AFFIRMATIVE DEFENSE

14. The shipments which are the subject of this suit were carried pursuant to the terms and conditions of certain bills of lading and tariffs, by which the shippers, owners, consignees, and holders of said bills of lading agreed to be bound, and was also subject to the United States Carriage of Goods By Sea Act, 46 U.S.C. § 1300, et seq. ("COGSA"), and this defendant claims the benefits of all rights, immunities, exonerations, and limitations contained therein, and in COGSA, including but not limited to, peril of the sea, Act of God, insufficiency of packaging, act of shipper, etc.

### FOURTH AFFIRMATIVE DEFENSE

15. The nature and valuation of the goods were not declared by the shippers before the shipments and inserted in the bills of lading. If plaintiff is entitled to any recovery, which is denied, such recovery should be limited to $500 per "package" or "customary freight unit," in accordance with the above quoted provisions of COGSA and MSC's bills of lading.

### FIFTH AFFIRMATIVE DEFENSE

16. Due diligence was exercised on behalf of the carrier to make the vessel and its appurtenances seaworthy, and to make the holds and all other parts of the ship in which the goods were carried fit and safe for the reception, carriage and preservation of such shipments. Any losses, injuries or damages alleged to have been suffered by the shipments were due to neglect, an act of omission, breach of express or implied warranties, breach of bailment or breach

of contract on the part of the plaintiff, shipper, its agents, or employees, or due to a cause or causes for which this defendant is not liable or responsible by virtue of the provisions of COGSA, or provisions of said bills of lading or tariff or other applicable provisions of contracts of carriage or of law.

### SIXTH AFFIRMATIVE DEFENSE

17. If any losses or damages were sustained by the shipments referred to in the Complaint, which is denied, such losses or damages were caused by or contributed to by the plaintiff or third-parties, and not by answering defendant.

### SEVENTH AFFIRMATIVE DEFENSE

18. Plaintiff failed to properly and fully mitigate their damages.

WHEREFORE, defendant MEDITERRANEAN SHIPPING COMPANY, S.A. respectively requests judgment dismissing the Complaint, and awarding it costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief that this Court may deem just and proper.

Dated: New York, New York
      October 22, 2007

                LYONS & FLOOD, LLP
                Attorneys for Defendant
                MEDITERRANEAN SHIPPING COMPANY S.A.

          By: _____
                Edward P. Flood (EPF-5797)
                Lyons & Flood, LLP
                65 W 36th Street, 7th Floor
                New York, New York 10018
                (212) 594-2400

- 5 -

TO:  Casey & Barnett, LLC
     Attorneys for the Plaintiff
     Martin F. Casey, Esq
     317 Madison Avenue, 21st Floor
     New York, New York 10017
     (212) 286-0225

U:\FLOODDOC\2549104\Pleadings\MSC's Answer.doc

## **CERTIFICATE OF SERVICE**

Erika Tax declares and states that:

I am not a party to these actions, am over 18 years of age and reside in Queens, New York. I am an employee with Lyons & Flood, LLP, attorneys for MEDITERRANEAN SHIPPING COMPANY S.A., with offices at 65 West 36th Street, 7th Floor, New York, New York 10018.

On October 22, 2007, I served true copies of the Answer to Complaint upon:

> Casey & Barnett, LLC
> Attorneys for the Plaintiff
> Martin F. Casey, Esq
> 317 Madison Avenue, 21st Floor
> New York, New York 10017

by U.S. Mail, first-class postage pre-paid, addressed to the last known address of the addressees as indicated above.

Executed on: October 22, 2007

_____
Erika Tax

U:\FLOODDOC\2549104\Pleadings\MSC's Answer.doc